FILED

**UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

2019 OCT -1  A 9:39

**JOHN J. COLEMAN**
6981 Tepper Drive
Clifton, VA 20124
703-502-9307

    Plaintiff, *Pro Se*

v.

**UNITED STATES DRUG
ENFORCEMENT ADMINISTRATION**
8701 Morrissette Drive
Springfield, VA 22152

    Defendant.

Civil Case No. 1:19cv1263 (TSE/MSN)

## I. COMPLAINT FOR INJUNCTIVE RELIEF

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant Drug Enforcement Administration.

## II. JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

1

## PARTIES

3. Plaintiff John J. Coleman, M.S., M.A., Ph.D., ("Plaintiff" or "Coleman") is a published author and researcher residing in Clifton, Virginia. Coleman is the President of the Board of Directors of Drug Watch International, Inc., a 501c3 non-profit volunteer organization committed to reducing drug abuse through education, prevention and awareness. Coleman regularly requests access to public records of federal agencies pursuant to the Freedom of Information Act ("FOIA") to disseminate relevant information and analyses of government operations to the public via his authorship of published journal articles, book chapters, and other scholarly works that are available in public libraries and online sources such as DrugWatch.org, Amazon.com, and Elsevier. Dr. Coleman is considered an expert in the field of drug control, having appeared as such on cable TV shows and at more than 300 seminars, the latest being in June 2019, when he was invited to be a panelist at the *International Conference on Opioids* held at Harvard Medical School, Boston, MA.

4. Defendant Drug Enforcement Administration ("DEA") is a component of the U.S. Department of Justice and an agency of the Government within the meaning of 5 U.S.C. § 552(f). DEA is located at 700 Army Navy Drive, Arlington, Virginia, with an official mailing address for FOIA matters at 8701 Morrissette Drive, Springfield, VA 22152. DEA has possession, custody, and control of records to which Plaintiff has sought access via the FOIA.

## III. STATEMENT OF FACTS

5. By letter dated August 12, 2019, Plaintiff filed an FOIA request with the Freedom of Information Operations Unit, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152, asking for "documents, including but not

2

limited to: emails (in government-owned accounts/instruments and personal accounts/instruments used for government business), letters, memoranda, and other forms of electronic or hard-copy records received by former Acting DEA Administrator Chuck Rosenberg from any of the below named persons or sent to any of the below named persons by Acting DEA Administrator Chuck Rosenberg:" This was followed by a list of thirteen (13) persons, all of whom are former employees of the U.S. Department of Justice and/or Intelligence Community.

6.   Also requested was "any electronic or hard-copy records of the DEA special operations division (SOD) pertaining to any of the above named persons [i.e., the aforementioned list of thirteen names], or requests or assignments received from or sent to any of the above named persons by SOD persons, including SOD persons who are not employees of DEA but working jointly with the agency at the SOD." The stated scope of this FOIA request was from "May 2015 to October 2017."

7.   Plaintiff sent this FOIA request on August 12, 2019 to the DEA FOIA Operations Unit, 8701 Morrissette Drive, Springfield, VA 22152, via a U.S. Postal Service Priority Mail envelope bearing tracking number 9505 5143 7947 9224 2481 23.

8.   A U.S. Postal Service record retrieved online on August 22, 2019 indicates that a U.S. Postal Service Priority Mail envelope bearing tracking number 9505 5143 7947 9224 2481 23 "was delivered at 11:25 am on August 13, 2019, in Springfield, VA 22152." This is the mailing address for DEA FOIA requests.

9.   Pursuant to 5 USC 552(a)(6)(A)(i), each agency upon receiving a FOIA request must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and

3

shall immediately notify the person making such request of- (I) such determination and the reasons therefor ...."

10. DEA failed to respond or acknowledge Plaintiff's FOIA request within the 20-business day statutory response period that expired at midnight on September 11, 2019.

11. As of the date of this filing, October 1, 2019, Defendant DEA has failed to acknowledge receipt of Coleman's FOIA request, has failed to provide a determination with respect to Coleman's FOIA request, has failed to provide the requested information, has failed to notify Coleman that the request is "complex," and, therefore, requires ten additional business days over and beyond the initial statutory 20 business days for responding, and has failed to inform Coleman of FOIA exemptions, if any, that would justify withholding the information requested by Coleman. DEA's failure to respond within the time frame mandated by 5 USC §552(a)(6)(A) violates the FOIA.

## IV. COUNT ONE
[Violation of 5 U.S.C. §552: Failure to Comply with Statutory Requirements]

12. Plaintiff alleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

14. FOIA imposes response deadlines on federal agencies when they receive a request for records pursuant to FOIA. Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 business days of receiving a FOIA request. *Id.* § 552(a)(6)(A). It must also make the responsive records "promptly" available, unless it can establish that certain unusual

circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure. *Id.* § 552(a)(6). Additionally, within 20 business days, the agency must inform the requester that the requester has a right to appeal the agency's determination. *Id.* § 552(a)(6)(A)(i)(III)(aa).

15. Defendant DEA has failed to provide Plaintiff with a response within the statutory time limit set by 5 U.S.C. § 552(a)(6)(A)(i).

16. Plaintiff is being irreparably harmed because of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled by this Court to conform its conduct to the requirements of the law.

17. Plaintiff has fully exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), *viz.*:

> "Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Order DEA to process the information in Plaintiff's FOIA request of August 13, 2019;

b. Order DEA to produce all responsive records promptly, and/or provide FOIA exemption authority for withholding any requested records;

c. Order DEA to provide a *Vaughn Index* of any responsive records withheld under a claim of exemption;

    d. Award Plaintiff out of pocket expenses and court filing fee for this suit;

    e. Grant such other relief as the Court may deem just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated _Oct. 1, 2019_     Respectfully submitted,

_/s/ John J. Coleman_

John J. Coleman, PhD, Plaintiff *pro se*
6981 Tepper Drive
Clifton, VA 20124-1600
Tel: 703-338-5710
Email: john.coleman.phd@gmail.com

## ***PRO SE*** **CERTIFICATION**

I, John J. Coleman, declare under penalty of perjury that:

(1) No attorney has prepared or assisted in the preparation of this document.

      **John J. Coleman**
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _Oct. 1, 2019_ (Date)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing <u>COMPLAINT FOR INJUNCTIVE RELIEF</u> will be sent by USPS Priority Mail this 1st day of October 2019 to:

1. U.S. Drug Enforcement Administration (Defendant), 8701 Morrissette Drive, Springfield, VA 22152;

2. The Hon. G. Zachary Terwilliger, United States Attorney, Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314;

3. The Hon. William P. Barr, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

October 1, 2019

_____
John J. Coleman, Plaintiff *Pro Se*
6981 Tepper Drive
Clifton, VA 20124-1600
Tel. 703-338-5710
Email: john.coleman.phd@gmail.com